IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DORA CAROLINE LARSEN,

                  Plaintiffs,

      v.

OREGON DEPARTMENT
OF JUSTICE, et al.,

                Defendants.

_____

Civ. No. 6:21-cv-01718-AA

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Plaintiff Dora Caroline Larsen initially filed her Motion for Temporary Restraining Order, ECF No. 6, and other ancillary motions on November 30, 2021 without including an operative pleading. Larsen subsequently filed her Complaint, ECF No. 1, on December 2, 2021. Larsen seeks to an emergency temporary restraining order ("TRO") to enjoin an upcoming state court dependency proceeding concerning her daughter, A.L. For the reasons set forth below, Larsen's Motion for TRO is DENIED.

In addition, Larsen seeks to file her documents under seal. ECF No. 5. Although Larsen's motion does not comply with the requirements of Local Rule 3-6, which governs motions to seal, the Court has reviewed the submitted materials and will seal the submitted exhibits *sua sponte* because they both contain the identity of

A.L., who is a minor, and include medical records, police reports, and other sensitive and confidential documents from the Oregon state court dependency proceedings.

## LEGAL STANDARDS

"In deciding whether to grant a motion for a temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp.3d 1219. 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a

"clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

The Complaint does not clearly identify or delineate its claims, but it generally appears that Larsen seeks to challenge the ongoing juvenile dependency proceedings involving custody of Larsen's daughter A.L. as well as findings made by DHS and the Oregon state courts concerning Larsen herself.  It generally appears that Larsen's daughter A.L. has been taken into custody by the Oregon Department of Human Services ("DHS") based on allegations of mistreatment by Larsen.  A hearing on the matter is scheduled for the near future in the Marion County Circuit Court and Larsen wishes this Court to enjoin those proceedings and order DHS to place A.L. in the custody of third parties identified by Larsen.[1]

With respect to the *Winter* factors, the Court concludes that Plaintiff has not made a sufficient showing of a likelihood of success on the merits or of serious questions going to the merits of her claims.  It is well settled that federal courts should abstain from adjudicating domestic relations cases, including those involving the custody of children.  *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). "The strong state interest in domestic relations matters, [and] the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states . . . makes federal abstention in these cases appropriate." *Id.* "[T]he whole subject of

---

[1] In her filings, Larsen sometimes appears to allege that the hearing was scheduled to take place before the Complaint was filed.

domestic relations and particularly child custody problems is generally considered a state law matter." *Id.* Even if the case raises constitutional issues, abstention is proper of the case, at its core, is a child custody dispute. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). Consistent with that principle, courts in this circuit "refuse jurisdiction if the primary matter concerns child custody issues or the status of parent and child or husband and wife." *Alcala v. Murphy*, Case No. 2:19-cv-00969-KJM-CKD PS, 2020 WL 2039056, at *2 (E.D. Cal. April 28, 2020). Despite the constitutional issues raised in her filings, the core of Larsen's claims concerns the custody of A.L. and that issue is at the heart of the relief Larsen seeks. As the Ninth Circuit explained in *Peterson*, this is not properly a matter for federal courts.

Turning to the other factors, the Court concludes that the public interest and the balance of the equities are best served by allowing the Oregon state court proceedings to continue. Larsen is emphatic that she will suffer irreparable harm if the state court dependency proceedings go forward and the Court will accept that assertion as true, for purposes of this motion. However, the other *Winter* factors, and in particular the issue of success on the merits, compel the denial of Larsen's motion.

## CONCLUSION

For the reasons set forth above, the Motion for Temporary Restraining Order, ECF No. 6, is DENIED.

It is so ORDERED and DATED this ____6th____ day of December 2021.


 /s/Ann Aiken
ANN AIKEN
United States District Judge