IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DORA CAROLINE LARSEN,

        Plaintiffs,

   v.

OREGON DEPARTMENT
OF JUSTICE, et al.,

        Defendants.

Civ. No. 6:21-cv-01718-AA

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Plaintiff Dora Caroline Larsen seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Larsen has also filed a Motion for Appointment of Pro Bono Counsel, ECF No. 3. The motion for appointment of counsel is DENIED. Larsen's Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court will defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

**LEGAL STANDARDS**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Larsen's Complaint does not clearly state the nature of her claims or their factual basis. In general, Larsen appears to allege that the numerous Defendants, which include Oregon state agencies, attorneys, police departments, child welfare workers, and foster parents have violated her rights in connection with a juvenile dependency proceeding involving Larsen's daughter A.L. and possibly with a related criminal prosecution against Larsen.

Federal Rule of Civil Procedure 8 provides that a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Larsen's Complaint does not meet this standard. Larsen has filed hundreds of pages of supporting exhibits including police reports, the results of psychological examinations, photographs of A.L., briefs and transcripts from the Oregon state court proceedings, email communications between Larsen and her attorney, documents from the Social Security Administration, handwritten notes, and what appears to be a sheet of lyrics and musical notation for a religious hymn. Despite, or perhaps because of, the sheer volume of material submitted by Larsen, the Court has had considerable difficulty in assembling the facts of the case and the

precise nature of the claims being made. And if one of the defendants were to be served with the Complaint as presently pleaded, they would be unable to ascertain what claims were being made against them.

In light of the deficiencies described above, the Court concludes that Larsen has failed to state a claim and the Complaint must be dismissed. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Larsen will be given leave to file an amended complaint. In drafting the amended complaint, Larsen must bear in mind that the Court does not have access to the records of the Oregon state courts and does not know anything about the facts of her case, other than what she chooses to include in the amended complaint. Larsen should carefully explain what has happened, who has done what, how she believes she was injured by the actions of the defendants, and why she believes that the defendants should be held liable for the injury. In drafting the amended complaint, Larsen should omit exhibits that she does not want entered in the public record, such as medical records, unless those materials are absolutely necessary to make out her claim.

Larsen should also bear in mind that matters of child custody are a traditional and important area of state concern and that the ability of federal courts to interfere in such matters is limited. It is possible that the relief Larsen seems to be seeking is much more readily available in the Oregon state courts.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has

discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to appoint pro bono counsel as Larsen has failed to state a claim.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED. The Court will defer ruling on Plaintiffs' IFP petition, ECF No. 2, pending submission of an amended complaint.

It is so ORDERED and DATED this ___6th___ day of December 2021.

/s/Ann Aiken
ANN AIKEN
United States District Judge