IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DORA CAROLINE LARSEN,                                Civ. No. 6:21-cv-01718-AA

                    Plaintiffs,                          **OPINION & ORDER**

          v.

OREGON DEPARTMENT
OF JUSTICE, et al.,

                    Defendants.
_____

AIKEN, District Judge.

     This case comes before the Court on Plaintiff Dora Caroline Larsen's Motion for Stay, ECF No. 16, and a motion to file her amended complaint under a pseudonym. ECF No. 17. Larsen has also filed a motion for extension of time in which to file her amended complaint, which appears as an attachment to ECF No. 17.

     As a preliminary matter, Larsen has filed her motions *ex parte*, meaning that they are accessible only to court staff and the filing party. This is improper, especially in routine scheduling motions, and Larsen should refrain from filing *ex parte* motions in the future.

     This *pro se* action was commenced on November 30, 2021 when Larsen filed a Motion for Temporary Restraining Order ("TRO") requesting that this Court intervene in an ongoing Oregon state court dependency proceeding involving Larsen's

daughter.  ECF No. 6.  Although the TRO motion was not accompanied by an operative pleading, Larsen subsequently filed her Complaint on December 2, 2021. ECF No. 1.

On December 6, 2021, the Court issued two Orders, ECF Nos. 9, 10, in which it denied the TRO and dismissed the Complaint with leave to amend.  Larsen was given thirty days in which to file an amended complaint and the Court deferred ruling on Larsen's IFP petition, ECF No. 2, pending submission of the amended pleadings.

On December 7, 2021, Larsen filed a Motion for Stay which was, in essence, a renewed request for a TRO.  ECF No. 11.  The Court denied the renewed request by minute order.  ECF No. 14.

## I.    Motion for Extension of Time

Larsen's Motion for Extension of Time was filed as an attachment to ECF No. 17.  In the future, Larsen should file her motions separately, rather than as attachments to ensure that her motions clearly appear in the Court's docket.  In her motion, Larsen seeks to extend the time allotted for filing the amended complaint to allow Larsen to observe the upcoming holidays.  The Motion is GRANTED and the amended complaint is to be filed no later than January 25, 2022.

## II.    Motion to Stay

Larsen's Motion to Stay, ECF No. 16, appears, in substance, to be a renewed TRO motion.  In the motion, Larsen objects to rulings issued by the Oregon state court in her daughter's dependency case and to new allegations made against Larsen herself in that case.  The precise nature of the relief Larsen seeks is not clear, other

than vaguely asking for this Court to intervene in the underlying state court dependency proceeding to protect Larsen from "coercive threats, retaliation, and false child sex abuse charges against me by Defendants." Pl. Mot. at 1.  ECF No. 16.

"In deciding whether to grant a motion for a temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp.3d 1219. 1222 (D. Or. 2016).  A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131.  Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a

"clear showing" of the four elements set forth above.  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In her motion, Larsen does not substantively address the *Winter* factors.  In the absence of an amended complaint, the Court cannot assess Larsen's likelihood of success on the merits.  Nor is it clear that Larsen is in imminent risk of irreparable harm in absence of an injunction.  As discussed in the Court's prior Order, the balance of equities and the public interest favor abstention from interference with an ongoing Oregon state court proceeding.  The Court DENIES Larsen's Motion for Stay.

### III.    Motion to Appear by Pseudonym

Larsen seeks leave to file her amended complaint under a pseudonym on the basis that she will face retaliation if required to file under her true name.  Federal Rule of Civil Procedure 10(a) provides, in pertinent part, that the "title of the complaint must name all the parties," and Rule 17(a)(1) requires that an "action must be prosecuted in the name of the real party in interest."  This "[t]he normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate ("Kamehameha")*, 596 F.3d 1036, 1042 (9th Cir. 2010).  Federal Rule of Civil Procedure 5.2(a) provides an exception for minors to use their initials, rather than their full names, in filings with the court.

In addition, the Ninth Circuit permits plaintiffs to use pseudonyms in the "special circumstances when the parties need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I*

*Thru XXIII v. Advanced Textile Corp.* (*"Advanced Textile"*), 214 F.3d 1058, 1067-68 (9th Cir. 2000) (internal quotation marks and citations omitted).

The use of a pseudonym is a "deviation from [the courts'] normal practice and remains the rare exception rather than the rule." *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015). When a party seeks to proceed anonymously due to fear of retaliation, as in the present case, the Ninth Circuit has identified five factors a court must balance: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (internal quotation marks and citations omitted, alterations normalized). The severity of the threatened harm and the reasonableness of the plaintiff's fears are "the two most important factors," and "should be addressed together." *Id.* at 1043.

In order to proceed under a pseudonym based on fear of retaliatory harm, the identification of the plaintiff must create "a risk of retaliatory physical or mental harm." *Advanced Textile*, 214 F.3d at 1068. While "physical harm presents the paradigmatic case for allowing anonymity[,]" *Kamehameha*, 596 F.3d at 1043, a plaintiff seeking to proceed anonymously may show mental or economic harm that is nonetheless severe. For example, the termination and blacklisting of nonresident foreign worker plaintiffs that resulted in their deportation and potential arrest and incarceration was deemed a sufficiently severe harm to allow them to proceed anonymously. *Advanced Textile*, 214 F.3d at 1070-71. As to the reasonableness of a

plaintiff's fears, "plaintiffs were not required to prove that the defendants intend to carry out the threatened retaliation.  What is relevant is [whether] plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out." *Kamehameha*, 596 F.3d at 1044 (internal quotation marks and citations omitted, alteration in the original).

Here, Larsen does not demonstrate that she reasonably fears a risk of retaliatory harm.  Larsen has not identified any specific threat other than to say that she is "up against the tremendous combinations and powers of the full armies of the state, and their AAGs which are accustomed to fighting other states and federal agencies and of which I am hardly a match of them, and fear for my entire life in collateral processes."  Larsen's identity is already known to the state defendants, however, by virtue of the ongoing state court dependency proceedings.  Permitting Larsen to file her amended complaint under a pseudonym would do nothing to alter that fact.  The Court concludes that the severity of the threatened harm and the reasonableness of Larsen's fear weigh against allowing her to file under a pseudonym.

With respect to Larsen's vulnerability to retaliation, Larsen filings point generally to the risk that Defendants will make additional allegations against her in her ongoing state court dependency case.  The Court concludes that this does not establish any special vulnerability, given that those proceedings are occurring under the supervision of an Oregon circuit court judge and Larsen has the assistance of counsel in that action.

Defendants have not yet appeared and so cannot make any argument concerning prejudice. Again, however, the Court notes that Defendants are already aware of Larsen's identity and so this factor is, at most, neutral.

Finally, the Court considers the public interest. As previously noted, the presumption is that parties are to use their real names and "[t]his presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1041 (citations omitted). In addition, "[t]he public interest in understanding the judicial process has supported our general history of access." *Id.* at 1043 (internal quotation marks and citation omitted). Here, the Court concludes that Larsen has not overcome that presumption and the public interest weighs against permitting Larsen to file under a pseudonym.

In weighing the relevant factors, the Court therefore concludes that Larsen's motion to file her amended complaint under a pseudonym is DENIED. In the alternative, Larsen requests that she be allowed to omit her middle name from the case caption and the Court concludes that this request is reasonable. When Larsen files her amended complaint, she should use her true and correct first and last names but is permitted to omit her middle name.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Stay, ECF No. 16, is DENIED. Plaintiff's Motion to file her amended complaint under a pseudonym, ECF No. 17, is DENIED. Plaintiff's Motion for Extension of Time, which was filed as an attachment to ECF No. 17, is GRANTED and Plaintiff shall have until January 25,

2022 in which to file her amended complaint.  Plaintiff is once again advised that failure to file the amended complaint within the allotted time will result in a judgment of dismissal without further notice.

It is so ORDERED and DATED this ____22nd____ day of December 2021.


/s/Ann Aiken
ANN AIKEN
United States District Judge