IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DORA LARSEN, | Civ. No. 6:21-cv-01718-AA |
|         Plaintiff, | **OPINION & ORDER** |
| v. | |
| OREGON DEPARTMENT OF JUSTICE, et al., | |
|         Defendants. | |

AIKEN, District Judge.

This case was initially filed as a motion for temporary restraining order without an operative complaint, although a complaint was subsequently filed. Larsen, who is proceeding *pro se*, also seeks leave to proceed *in forma pauperis*. On December 6, 2021, the Court denied Larsen's TRO motion and dismissed the Complaint with leave to amend. ECF Nos. 9, 10. Larsen was given thirty days in which to file her amended complaint.

Larsen subsequently filed a motion for stay, ECF No. 11, which was denied on December 8, 2021. ECF No. 14. Larsen renewed her motion for stay and filed a motion to proceed under a pseudonym on December 14, 2021. ECF Nos. 16, 17. Larsen also sought an extension of time in which to file her amended complaint. On December 22, 2021, the Court denied the renewed motion for stay and the motion to

proceed under a pseudonym but granted the request for an extension and set January 25, 2022 as the deadline for Larsen's amended complaint. ECF No. 18.

On January 12, 2022, Larsen filed a motion for reconsideration of the court's denial of her motion to proceed under a pseudonym, which the Court denied on the same day by minute order. ECF Nos. 19, 20.

On January 14, 2022 and January 16, 2022, Larsen filed a series of motions seeking reconsideration of her motion to proceed under a pseudonym and requesting that the Court retroactively seal docket entries for this case. ECF Nos. 21, 22, 23, 24. The Court has previously denied this motion and finds no cause to reverse that decision. Larsen's Motions, ECF No. 21, 22, 24, are DENIED and no further filings on this issue will be considered.

On January 25, 2022, Larsen filed a document captioned as an amended complaint, ECF No. 28, but which is, in fact, a motion for extension of time. The Court will grant the requested extension and Larsen's amended complaint will be due February 14, 2022.

However, the Court wishes to caution Larsen concerning the volume of material she has submitted. The document filed at ECF No. 28 is nearly 700 pages long, inclusive of its appendices. This is not appropriate or acceptable for a pleading. As the Court previously explained in its Order of December 6, 2021, the Federal Rules of Civil Procedure require that complaint provide "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In drafting her amended complaint, Larsen should omit lengthy digressions

or exhibits unless *absolutely necessary* to make out her claim and should instead focus on *briefly* and clearly explaining what has happened, who the named defendants are, what they have done that injured Larsen, and why those defendants should be held liable for that that injury. Any further submission of filings resembling ECF No. 28 will risk summary dismissal for failure to follow Court orders.

    It is so ORDERED and DATED this ___26th___ day of January 2022.

                                        /s/Ann Aiken
                                        ANN AIKEN
                                        United States District Judge