IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| D. LARSEN, and next friend of A.L.. | Civ. No. 6:21-cv-01718-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| SOLICITOR GENERAL OF THE UNITED STATES; OREGON DEPARTMENT OF HUMAN SERVICES; ODHS CHILD WELFARE DISTRICT 3; OREGON SCHOOL FOR THE DEAF; SHARLA JONES; MATT BOYD; OREGON JUVENILE COURT; DIANE PRARIE, | |
| Defendants. | |

AIKEN, District Judge.

Self-represented Plaintiff Dora Caroline Larsen seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. The Court granted Plaintiff's IFP petition but has dismissed Plaintiff's previous complaints with leave to amend. For the reasons set forth below, the operative First Amended Complaint ("FAC"), ECF No. 41, is DISMISSED without further leave to amend.

**LEGAL STANDARDS**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

As a preliminary matter, Plaintiff seeks to proceed as "next friend of A.L.," her minor daughter. The Court has previously explained that Plaintiff cannot represent A.L. when proceeding pro se because Plaintiff is not an attorney. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1977) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). Plaintiff's attempt to proceed as A.L.'s "next friend" does not change this analysis. "While Federal Rule of Civil Procedure 17(c)(2) allows a parent or other person to sue on behalf of an infant or incompetent individual, it does not authorize a non-attorney suing as next friend to proceed *pro se*. Rather, the general rule is that the next friend must retain counsel." *Reeping v. Nampa Sch. Dist., Idaho*, Case No. 1:25-cv-00047-

DCN, 2025 WL 345814, at *3 (D. Idaho, Jan. 30, 2025) (internal quotation marks and citation omitted). The Court dismisses all claims Plaintiff seeks to bring on behalf of A.L. without prejudice. This will include Plaintiff's ADA claim, which appears be brought on behalf of A.L.

The present iteration of Plaintiff's complaint also includes a claim under the IDEA. "The IDEA provides for participation in administrative proceedings by parents and local educational agencies and requires administrative appeal procedures to be pursued before seeking judicial review." *Hawai'i Disability Rights Center v. Kishimoto*, 122 F.4th 353, 364 (9th Cir. 2024) (internal quotation marks omitted, internal citation omitted) (citing 20 U.S.C. § 1415(f)(1)(A), (i)(1)(A)). Here, there is no allegation that Plaintiff engaged in the administrative process or that she has exhausted her administrative remedies under the IDEA. The Court concludes that Plaintiff has failed to state a claim under the IDEA.

Plaintiff brings claims for violation of her First and Fourteenth Amendment rights, apparently pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Many of these claims appear to be leveled at Defendants Oregon Department of Human Services, ODHS Child Welfare District 3, Oregon School for the Deaf, and Oregon Juvenile Court. As the Court has previously explained to Plaintiff, a claim under § 1983 must be alleged against a "person." *Will v. Michigan v. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Persons" under § 1983 "are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. April 25, 2019). Oregon Department of Human Services, ODHS Child Welfare District 3, Oregon School for the Deaf, and Oregon Juvenile Court are not "persons." Despite, the Court's instruction, Plaintiff has included § 1983 claims against entities that are not "persons."

The Court has also previously explained to Plaintiff that state entities, like Oregon Department of Human Services, ODHS Child Welfare District 3, and Oregon Juvenile Court are protected by Eleventh Amendment immunity, which has not been abrogated by § 1983. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011); *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012).

Despite the Court's prior instruction, Plaintiff has once again brought § 1983 claims against entities that are not "persons" and against entities that are protected by Eleventh Amendment immunity. Those claims are dismissed.

There are no clear allegations in the operative Complaint against the Solicitor General of the United States. Plaintiff has failed to state a claim against the Solicitor General of the United States.

There are no clear allegations against Defendants Sharla Jones and Matt Boyd. It generally appears that they are associated with the Oregon School for the Deaf, but it is not clear what they are alleged to have done. Plaintiff has failed to state a claim against Sharla Jones and Matt Boyd.

Although she does not appear in the caption, the FAC references a CPS worker named Amber Rojas as a Defendant. FAC 5. Plaintiff's only clear allegations against Rojas are that she determined that A.L. would be taken into DHS custody after Plaintiff, by her own admission, lied to CPS about the cause of an injury to A.L. FAC ¶¶ 21-22, 25. To the extent that she is intended to be a Defendant in this case, the Court concludes that Plaintiff has failed to state a claim against Rojas.

Plaintiff has named Diane Prairie, who was A.L.'s foster parent, as a Defendant, apparently in connection with Plaintiff's § 1983 claims. However, "[m]erely serving as a foster parent does not transform a private party into a state actor." *Ismail v. Cnty. of Orange*, 693 Fed. App'x 507, 512 (9th Cir. 2017). As noted, a § 1983 claim must be brought against persons acting under color of state law and Plaintiff has not sufficiently pleaded that Diane Prairie was a state actor. The Court concludes that Plaintiff has failed to state a claim against Diane Prairie.

Much of the current Complaint is given over to allegations of legal and/or factual errors by the juvenile courts, the Oregon appellate courts, and the claimed

deficiency of Plaintiff's appointed counsel. Among the relief Plaintiff seeks is a review of the substance of the individual juvenile cases, the parent action plans, and the services ordered. FAC ¶ 181; *see also* Attachment to Supplemental Complaint, at 5 ("I pray this Court reverses the 'Change of Permanency' judgment of the Oregon agency and juvenile forum[.]") 18 ("Reversal of the order is critically requested and prayed for."), ECF No. 42-1. This is a *de facto* appeal of the state court decisions and federal district courts do not possess appellate jurisdiction over state court decisions. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.").

For the reasons set forth above, the Court concludes that Plaintiff has failed to state a claim. The Court has dismissed Plaintiff's previous pleadings for failure to state a claim and, in doing so, identified many of the same defects that exist in the present Complaint. The Court concludes that granting further leave to amend would be futile. Dismissal shall therefore be without leave to amend.

## CONCLUSION

For the reasons set forth above, the First Amended complaint, ECF No. 41, is DISMISSED without further leave to amend. All other pending motions are denied as moot. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this   30th   day of September 2025.

                                      /s/Ann Aiken
                                      ANN AIKEN
                                      United States District Judge